## JOURDAN W. MAURY
### *vs.*
### JOHN Y. MASON.

AT LAW. DECIDED DECEMBER 3, 1849.

*Suit Against an Endorser on a Promissory Note.*

Two notes drawn by the same party and for the same amount, one on which the defendant was endorser, were held by the Bank of Washington. Before the note on which the defendant was endorser was due the agent of the defendant paid the amount, but through mistake on the part of the bank the note on which the defendant was not liable was handed to the agent of the defendant instead of the note on which he was liable. Held that on a suit against the defendant on the note on which he was an endorser, that the payment made was a payment on said note, and the plaintiff can not recover in this action.

CHRISTOPHER GRAMMER for the plaintiff.

P. BARTON KEY for the defendant.

This suit was on the following note:

"WASHINGTON, *Nov. 4th*, 1848.

"Two months after date I promise to pay to the order of Hon. John Y. Mason two hundred dollars for value received. ·

"JNO. E. ADDISON."

Endorsed by J. Y. Mason, Seymour R. Bonner, John V. Wright and the plaintiff, Jourdan W. Maury.

The note was protested for non-payment. On the trial of this case the following testimony was read to the jury:

The witness being more than 100 miles from Washington, a commission was appointed to take his testimony.

His name is John Y. Mason, Jr.; that he is the son of the defendant; that on or about the 21st or 22d of December last he was requested by the defendant to go the Bank of Washington and take up a promissory note drawn by John E. Addison and endorsed by the defendant; that the defendant gave witness $200 for that purpose; that witness went to the bank and asked at the counter for a note for $200, drawn by John E. Addison and endorsed by John Y. Mason; that the clerk in attendance handed him a note for two hundred dollars drawn by the said Addison. That he paid to him the $200 received by him, as above stated, from

the defendant, and took the note without looking at the endorsement, and handed it to the defendant on the same day; that subsequently the defendant showed him the note which witness had received at the bank; that he then discovered that it was not the note which he had asked for at the bank, but was one drawn by the said Addison and endorsed by Lewis C. Levin for the same amount.

After the evidence was in, the following instructions were given by the Court:

If the jury believe from the evidence aforesaid that the defendant, on or about the 23d day of December, 1848, sent the sum of $200 to the Bank of Washington to pay the note of J. E. Addison for $200, endorsed by the defendant, and on which the suit is brought; and that the agent of the defendant accordingly went to the said bank and demanded the note aforesaid of which the said bank was then the holder and owner; and that the said agent then and there paid to the said bank the said sum of $200, and the officer of the bank delivered to him, and he received through mistake, another note of said Addison for $200, on which the defendant was not liable or endorser, instead of the note on which the said suit is brought; and that upon discovering the mistake the defendant offered to return the said last mentioned note to said bank, which the said bank refused, then the said payment of $200 was a payment and satisfaction of the note on which this suit is brought, and the plaintiff cannot recover in this action.

But if from the evidence aforesaid the jury shall find that when the said agent of defendant demanded the said note as set out in said defendant's prayer he did not describe it in a voice so loud that the officer of the bank to whom the application was made heard or ought to have heard the said description, that there was a note of said Addison for the same amount due on the said 23d December, and the note endorsed by defendant was not due until the 7th of January next, and the agent of the bank understood the said agent of the defendant to apply for the note of said Addison due

on the 23d December, and received the money from him, and applied to that note, and gave that note to said agent, and the said agent on the same day delivered the said note to said defendant, and defendant did not offer to return the same until after the 7th of January, 1849, then said payment of $200 is not to be applied by the jury to the note now in suit, and plaintiff is entitled to recover.

Verdict for the defendant.